WILLIAM J. STOKES, Respondent, *v.* JEREMIAH JOHNSON, Jr., et al., Appellants.

Where testimony is given without objection, which, upon cross-examination, appears to be clearly immaterial, it is within the discretion of the court to strike it out on motion.

Where a vendee seeks to rescind a contract for the sale of real estate, on account of defect of title, the question as to the materiality of the defect, where it depends upon and is an inference to be drawn from circumstances, is a question of fact for the jury; but where it turns upon the construction of a writing, and no special circumstances need be taken into account, it is a question of law for the court.

(Argued January 17, 1874; decided May term, 1874.)

THIS was an action to recover a deposit made upon purchase at an auction sale of certain premises in Brooklyn, sold by defendants as auctioneers.

Plaintiff claimed to rescind the contract of sale, on account

of the falsity, in material respects, of statements in the hand-bills distributed by the defendants. The language of the hand-bill was: "No. 19 Fourth street, a substantial three-story frame house, with basement and sub-cellar, filled in with brick to the roof. * * * House twenty-two feet four inches by thirty feet; lot twenty-two feet four inches by seventy-five feet. The property is finely located, * * * is surrounded by stores, and is rapidly increasing in value."

Plaintiff claimed, and gave evidence tending to show, that the vendor did not own the whole lot purported to be sold, but that the house stood an inch and a half on lands to which the owner had no title, and that she had only title to seventy-three feet in depth. The questions presented were alleged errors in the reception and rejection of evidence, and in the charge.

A letter written by plaintiff's counsel to defendants, notifying them that plaintiff refused to take the title, and stating the grounds of such refusal, demanding repayment of the deposit made on sale, and money paid for auctioneers' fees, and notifying defendants that, in case it was not repaid, he was authorized and would bring suit to recover it, was offered in evidence by plaintiff, for the specified purpose of showing notice of defects in title, and demand of the money, not as evidence of the truth of the statements. This was objected to generally, and received under objection. *Held*, no error; that the letter was competent for the purpose specified, and if any portion was inadmissible, the question was not presented by a general objection and exception.

Surveyors employed and called by the respective parties differed as to the location of a street corner; to strengthen the credit of their surveyor, defendants called a witness who testified that the surveyor took his points of survey from a survey made by the witness' uncle; this was not in evidence. On the cross-examination the witness swore he did not help make the survey in question. The court, on plaintiff's motion, then struck out the testimony of the witness on that point. *Held*, that it was in the discretionary power of the court, and in this case proper.

The court charged the jury: "If you find this house did

stand upon the lot of somebody else to the extent of one and one-half inches it was a reasonable ground of objection." To which defendants' counsel excepted. *Held*, no error; that the true rule in determining whether the question of materiality is one of law or fact is, that where it depends upon and is an inference to be drawn from circumstances — that is, if under one set of circumstances it would be material under another not — it is a question of fact; but where it turns upon the construction of a writing, and no special circumstances would be taken into account, as in this case, it is a question of law; that from the description of the building, as given in the hand-bill, the defect, if it existed, was necessarily material, and such as seriously to diminish the value of the property; that the test of materiality is, had the falsity of the representation been known the contract would not have been entered into. (2 Parsons on Con., 267; *Best* v. *Stord*, 2 Sand. Ch., 298; *Taylor* v. *Fleet*, 1 Barb., 471; *Camp* v. *Pulver*, 5 id., 91; *Cadman* v. *Homer*, 18 Vesey, 10; *Stanton* v. *Pattersall*, 1 Sm. & G., 529.) The case of *King* v. *Bardeau* (6 J. Ch., 38) distinguished.

The court declined to rule as matter of law, that the failure of title to the two feet in the rear of the lot was immaterial, but left it to the jury. *Held*, no error; that there were special facts and circumstances to be taken into account which might make the two feet valuable, such as the eligibility of the property for stores or business purposes.

Defendants' counsel claimed that plaintiff was precluded from rescinding as he might have examined the lot before purchasing. *Held*, that as the defect was not visible to the eye he had a right to rely upon the statements without making actual measurements. (Fry on Specific Per., 202; *Cox* v. *Meddleton*, 2 Drew., 209.)

*A. R. Dyett* for the appellants.

*Edward D. McCarthy* for the respondent.

DWIGHT, C., reads for affirmance.
All concur.
Judgment affirmed.