Reves v. Hyde.

o

ANTHON REVES, Respondent, *against* RUSSELL D. HYDE *et al.*, Appellants.

(Decided February 6th, 1888.)

In an action on an undertaking on attachment to recover, as damages, counsel fees incurred by plaintiff in the attachment suit, expert witnesses were examined as to the value of such services. Two of them testified that they were reasonably worth $150, and the plaintiff's attorney himself testified that they were worth $250. The court instructed the jury: "You will determine from the evidence presented to you from the witness stand, what compensation, between $150 as fixed by some of the witnesses, and $250 as fixed by G. himself, he would be entitled to," etc. "But as to the value of the services, you are bound by the evidence presented by witnesses, from the witness stand; you are not to rely upon any judgment that all or either of you may have, as to the compensation you should give an attorney for such services." *Held*, that this was erroneous; the jury should exercise their own judgment upon all the facts in the case.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon the verdict of a jury for plaintiff, upon his consent to a reduction of the amount of the verdict.

The facts are stated in the opinion.

*William B. Tullis*, for appellant.

*George W. Galinger*, for respondent.

ALLEN, J. — This is an appeal from a judgment of the General Term of the City Court affirming a judgment entered upon the verdict of a jury, upon reducing the same $23.

The action was brought upon an undertaking on attachment for $250 executed by the defendants as sureties, which attachment had been vacated. The damages sought to be recovered in said suit were counsel fees incurred by the plaintiff in the attachment proceedings. The plaintiff was given a verdict of $200, and a judgment was entered thereon, which was modified and affirmed by the General Term of the City Court.

On the trial three witnesses were examined as experts in reference to the value of the professional services of the plaintiff's counsel. Two of these witnesses testified that the services were reasonably worth the sum of $150, and the other witness, who was the attorney of the plaintiff, that they were worth the sum of $250. The court instructed the jury as follows: "You will determine from the evidence presented to you from the witness stand, what compensation, between $150 as fixed by some of the witnesses, and $250 as fixed by Mr. Galinger himself, he would be entitled to," etc. "But as to the value of the services, you are bound by the evidence presented by witnesses, from the witness stand; you are not to rely upon any judgment that all or either of you may have, as to the compensation you should give an attorney for such services."

The defendants excepted to the charge that the jury must find any sum between $150 and $250, provided all the services testified to had been rendered; also to the charge that the jury were bound by the testimony of the witnesses produced by the plaintiff on the question of the value of the services rendered.

We think the court erred in the instruction given, and that the defendant's exceptions are well taken. According to the charge, the jury were bound to find for the plaintiff for some sum between $150, which was the lowest, and $250, which was the highest, estimate of value by the professional witnesses. In other words, the value of the ser-

Reves *v.* Hyde.

vices was to be determined exclusively upon the testimony of these witnesses.

In cases in which the value of labor and property is involved, expert witnesses furnish much assistance to courts and juries, but their testimony is not controlling. Where, as in this action, the value of professional services is to be passed upon, it is the duty of the jury to consider such testimony and judge of its weight and force, and from all the evidence in the case as to the nature of the services, the time occupied in them, and the benefit derived from them, determine what in their judgment is their reasonable value. After receiving all the aid which can be obtained from the opinion of expert witnesses in regard to the reasonable value of the services, the jury are still called upon to exercise their own judgment upon all the facts in the case.

The precise question presented here was decided in *Head* v. *Hargrave* (105 U. S. 45). In that case the trial judge had charged, " You must determine the value of the services rendered, from the evidence which has been offered before you, and not from your own knowledge or ideas of the value of such services." The judgment was reversed on appeal. Justice FIELD, delivering the opinion of the court, says, " It was the province of the jury to weigh the testimony of the attorneys as to the value of the services, by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying to it their own experience and knowledge of the character of such services. To direct them to find the value of the services from the testimony of the experts alone, was to say to them that the issue should be determined by the opinions of the attorneys and not by the exercise of their own judgment of the facts on which those opinions were given."

Counsel for the respondent relies upon a remark of ALLEN, J., in *Leitch* v. *Atlantic Mut. Ins. Co.* (66 N. Y. 108), in which that learned judge says that when the evidence of experts is necessary for the reason that the materiality of circumstances affecting the risk is not sufficiently obvious to enable the court or jury to decide upon

the fact, and if there is no conflict, the fact of materiality must be held as all the witnesses testified. This was said with respect to cases where none but experts are capable of determining the question, but is not applicable to this case.

We find no error in the case except the one above referred to. For this error, however, the judgment must be reversed and a new trial ordered, with costs to abide the event.

LARREMORE, Ch. J., and BOOKSTAVER, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.