Pratt, J.
It is true, that where a trustee mingles the trust funds with his own so they_ cannot be distinguished, or makes investments generally with such moneys, the cestui que trust cannot claim a specific lien upon the property or funds constituting the investment, but where trust money can be distinctly traced and clearly proved to have been invested, it may be followed and the trust impressed upon the property, and the same held for the benefit of the cestui que trust.
In this case the father of the infant plaintiff testified that he gave to his wife, in trust for his daughter $816. The mother testified that she deposited it in the bank, in trust for the plaintiff, and afterwards drew it out at different times, and invested it in furniture, which she rented for the plaintiff. This furniture was levied on by the defendant, as sheriff, and held upon judgments recovered against the mother of the infant plaintiff.
No issue of fraud was raised, and the only question to be decided is whether the plaintiff made out a case proper for submission to the jury.
That the money with which the furniture levied on was purchased, was trust funds, cannot well he doubted, and it was a fair question for the jury to say whether the funds could be distinctly traced into the property involved in the suit.
Both the father and mother testified that portions of the property levied on were bought with these trust funds in the name of the daughter, and that the same had been rented out in her name and for her sole benefit.
It would indeed be a hard rule that would deprive an *498 infant of property upon the slightest change in the investment made without authority.
It was a question" involving the credibility of witnesses and inferences to be drawn from a variety of circumstances. Such questions are for a jury to determine. Stokes v. Johnson, 57 N. Y., 673; Pauly v. Wahle, 29 Hun, 116; Hart v. Hudson River Bridge Co., 80 N. Y., 622; Potts v. Mayer, 74 N. Y., 594; Nichols v. Sixth Ave. R. R. Co., 38 N. Y., 131.
We think from the testimony uncontradicted, the jury might properly have found that the trust funds of the plaintiff were invested in the property involved in the suit; and, therefore, it was error to grant a non-suit.
Judgment reversed, new trial granted, costs to abide event.
Barnard, P. J., and Dykman, J., concur.