## MULLER *v.* RYAN.

(*City Court of New York, General Term.* November 30, 1888.)

1. TROVER AND CONVERSION—WHAT CONSTITUTES CONVERSION—DELIVERY TO WRONG PERSON.

The delivery, by mistake, to the wrong person, of a watch left to be repaired, is a conversion rendering the watch-maker liable for the value of the watch.

2. SAME—VERDICT—VALUE OF GOODS CONVERTED—EXPERT TESTIMONY.

The watch had cost $76, 11 years before. One expert testified that plaintiff ought to have $50 to make good his loss, and another testified on cross-examination that the watch had deteriorated $50 in value since plaintiff bought it. Its cost, age, condition, and the character of its use were in evidence. *Held*, that a verdict for $55 was authorized.

Appeal from trial term.

The plaintiff, Louis Muller, on August 12, 1887, left a gold watch with the defendant, Michael Ryan, a watch-maker, for repairs. About the 20th of that month he called for it, and the watch could not be found. On the 27th, the plaintiff again called, and the defendant told him the watch had, by mistake, been given to some other person. The plaintiff thereupon brought this action in trover to recover the value of the lost watch. The jury awarded the plaintiff $55, and the defendant appealed.

Argued before McADAM, C. J., and BROWNE and EHRLICH, JJ.

*Thos. O'Callaghan, Jr.*, for appellant. *J. G. Flammer*, for respondent.

McADAM, C. J. The delivery of the watch to the wrong person constituted a conversion of it, and made the defendant liable to the plaintiff for the value. Edw. Bailm. §§ 72, 99, 162. Upon the question of value, the expert Welsh testified that he would duplicate the watch for $60, and that the plaintiff ought to get $50 to make his loss good. The expert Benedict testified that he sold the watch to John Muller, October 9, 1876, for $76; and, upon cross-examination, testified that the watch, at the time of the loss, was worth $26, having depreciated in value $50 since the time of the purchase. Expert evidence is, at most, the mere opinion of witnesses versed in the technics of a particular art, science, or mechanism. It is admitted because knowledge on the subject is not common to all, but comes from the personal observation and experience of those, only, who have given the particular subject special attention. The value of the different opinions, and the weight to be attached to each, is for the jury, (*Case* v. *Pexew*, 10 N. Y. St. Rep. 811;) yet the value of an article or a service, if in dispute, is not to be determined exclusively

upon the expert evidence; for the jury are still called upon to exercise their own judgment in respect thereto, upon all the facts in the case, considered in the light of their own experience. *Reeves* v. *Hyde,* 14 N. Y. St. Rep. 689. The jury heard the expert evidence, weighed it, and, in the exercise of their best judgment and experience, fixed the value of the lost watch at $55. They had before them the fact that the watch originally cost $76, with proof of its age and condition; likewise the character of its use from the time of purchase, and, from these circumstances, aided by the expert evidence and their own experience, they arrived at a conclusion as to value that the evidence in its entirety authorized. We cannot say that it was either arbitrary, unjust, or at variance with truth. The fact that the plaintiff's experts differed as to value makes no difference in the result. It is but natural for men to differ in opinion, and it is not unusual for experts to disagree. Indeed, as a rule, they do. We have failed to discover any substantial reason for impugning the verdict, and the judgment entered upon it must be affirmed, with costs.

BROWNE and EHRLICH, JJ., concur