### ARNSTEIN v. BURROUGHS.

(Supreme Court, Special Term, New York County. April 9, 1893.)

VENDOR AND PURCHASER—MARKETABLE TITLE.

> Where the wall of a building which defendant had agreed to sell to plaintiff encroached about two inches on the adjoining lot, and the deed so tendered to plaintiff did not convey these two inches, and defendant did not have title thereto at the time, the title tendered to plaintiff is not marketable.

Action by Nathan Arnstein against William H. Burroughs for breach of contract to convey land. Judgment for plaintiff.

Abner C. Thomas, for plaintiff.
McGuire & Low, for defendant.

INGRAHAM, J. The contract in this case called for the conveyance of three lots of land, with the buildings thereon, on the south side of Seventy-Seventh street in the city of New York, and known by the Nos. 132, 134, and 136 East Seventy-Seventh street, and the defendant agreed to execute and deliver the proper deed for the conveying and assuring of the fee simple of said premises, free from all incumbrances, subject to the certain mortgages mentioned. It appeared by the evidence that the easterly wall of the building No. 132 encroached about two inches upon the lot adjoining on the west, that the deed as tendered to plaintiff did

not convey those two inches, and that defendant did not have title at the time to such two inches. The plaintiff was entitled to a marketable title to the three houses described in the contract, and I do not think that the deed tendered was a compliance with the contract. In Stokes v. Johnson, 57 N. Y. 674, it was held that an encroachment of $1\frac{1}{2}$ inches was necessarily material, and such as to seriously diminish the value of the property; and it is clear that the encroachment in this case exceeded one inch and one-half. I do not think that the release of Appollinari Springmeyer cured the defect. It was not shown that the grantee in that release or quit-claim had a good title to the lot upon the west and it is stated in plaintiff's brief that there is a mortgage upon the premises which is superior to the title of the grantee in that release. The release was executed the day before the trial, and long after the tender of the deed to plaintiff, and it was incumbent upon the defendant to show that that release cured the defect in the defendant's title, so that at the time of the trial the defendant, in compliance with his contract, could give to the plaintiff a good title to the premises to be conveyed. I think, therefore, the plaintiff is entitled to judg-men, with costs. Decision and judgment to be settled on notice.