## ISEAR v. BURSTEIN.

(Superior Court of New York City, Special Term. May, 1893.)

EXPERT TESTIMONY—EFFECT ON COURT.

Where it appears that defendant's wall encroaches on plaintiff's lot, and the only question for the court is the measure of damages, as to which expert testimony has been given, such testimony, though valuable as an aid in determining the amount of damages, is not conclusive on the court, but it may use its own judgment and experience in regard to the matter.

Action by Rebecca Isear against Maurice J. Burstein to compel defendant to remove a wall of his house, No. 182 Henry street, alleged to encroach on defendant's lot, known as No. 184, in the same street, or for damages. Judgment for plaintiff.

S. Sultan and D. Leventritt, for plaintiff.

M. S. & I. S. Isaacs and A. L. Sanger, for defendant.

McADAM, J. The main question involved is whether the wall of the defendant's house, No. 182 Henry street, encroaches upon the plaintiff's lot adjoining, known as No. 184, in the same street. The defendant denied that his wall overlapped, as charged, and alleged that, on the contrary, the plaintiff's wall trespassed upon his premises. The parties were evidently sincere, for they had surveys made by city surveyors, sustaining the contention urged by each. In consequence of this conflict the parties wisely agreed,

when the case was called, that the court take the deeds and the different surveys, and appoint some competent, disinterested surveyor to survey the property, and stipulated that the survey made by such indifferent surveyor be accepted as conclusive on the question in dispute. The court acted upon the stipulation, and named Jacob Rudolphy, Esq., who, after a careful survey and examination, reported that the defendant's wall, on the rear extension of his house, encroached upon the plaintiff's lot, from $2\frac{1}{4}$ to $2\frac{1}{2}$ inches, for a distance of about 14 feet. This was, by the stipulation, made conclusive on the disputed fact, leaving the court charged with the simple duty of determining the measure of damages, which, in an action against a wrongdoer for encroaching on a neighbor's wall, is the amount by which the selling price of the premises trespassed upon is reduced by the wrongful act. Wood's Mayne, Dam. § 569; Sedg. Dam. (7th Ed.) 267, 268. The experts called varied in their estimate as to the extent of the depreciation, placing it from $250 up to $500. While this evidence is valuable as an aid in determining the depreciation, it is not conclusive on the court, which may, notwithstanding, use its own judgment and experience in regard to the matter. Reves v. Hyde, 14 Daly, 431; Muller v. Ryan, (City Ct. N. Y.) 2 N. Y. Supp. 736; Head v. Hargrave, 105 U. S. 45. Upon the entire case, the damages are assessed at $375, and the plaintiff is awarded a decree in the alternative, requiring the defendant to remove the incumbrance complained of within 30 days, or in default thereof that he pay the plaintiff $375 as damages for the injury aforesaid. Judgment accordingly, with costs.