(30 Abb. N. C. 407.)

### SASSERATH v. METZGAR.

(Superior Court of New York City, Equity Term. November, 1893.)

SPECIFIC PERFORMANCE—ENCROACHMENT OF BUILDING ON STREET.
　　Specific performance of a contract to purchase a house will not be denied on the ground that part of one of the walls stands one inch on the sidewalk of the street, where the testimony of surveyors is conflicting as to whether the house encroaches on the street, or is entirely on the vendor's lot, and it appears that the building was erected under the direction of the building department of the city.

Action by Theresa Sasserath against Bernhard Metzgar for specific performance of a contract to exchange real estate. Judgment for plaintiff.

J. M. Marx, (John H. V. Arnold, of counsel,) for plaintiff.
E. Arnstein, (A. C. Thomas, of counsel,) for defendant.

McADAM, J. The bill is to specifically enforce a contract for the exchange of real property. The title is unobjectionable, and all the land is there. The defense urged is, that part of the northerly wall of the plaintiff's building stands one inch upon the sidewalk or public street, and part of the easterly wall stands a little over an inch on the public sidewalk or street on that side. There can be no doubt that, on the sale of a house and lot, the vendee is entitled to receive title to the land with four walls to the house, and these should stand on the land conveyed, that the purchaser may acquire an unimpeachable title to all. In this respect, the fact that one or more of the walls may be party walls constitutes no objection. Hendricks v. Stark, 37 N. Y. 106, more fully re-

ported, 4 Trans. App. 146. Specific performance is not to be defeated by trivial objections or defects which can be remedied or compensated for. 22 Am. & Eng. Enc. Law, p. 956. And see case of encroaching wall brought within the rule. King v. Bardeau, 6 Johns. Ch. 38. But where the walls of the house sold encroach upon adjoining property, the defect may be fatal, (Stokes v. Johnson, 57 N. Y. 673; Smyth v. McCool, 22 Hun, 595; and see Baron v. Korn, 127 N. Y. 224, 27 N. E. 804; Isear v. Burstein, [Super. N. Y.] 24 N. Y. Supp. 918;) for the encroachment may be proceeded against by action of ejectment, (Bowie v. Brahe, 3 Duer, 35; and see 4 Duer, 676.) Even an overhanging wall may be so proceeded against. Sherry v. Frecking, Id. 452. In Stokes v. Johnson, supra, the court charged the jury that, if they found that the house contracted to be sold did stand upon the lot of somebody else to the extent of one and one-half inches, it was a reasonable ground of objection to the title, and this was held to be no error. In Arnstein v. Burroughs, (Sup.) 27 N. Y. Supp. 958, a similar encroachment of two inches was held fatal to the title offered. Where the cornices or gutters only project over, the appropriate remedy is nuisance. Aiken v. Benedict, 39 Barb. 400; Vrooman v. Jackson, 6 Hun, 326. Equity might, in any of these cases, hesitate before compelling a party to take title, where there were reasonable grounds for believing that he might be subjected to another lawsuit to which there was no defense. That risk does not enter into this contention. True, surveyors produced by the defendant have testified to the existence of the alleged encroachment; but those produced by the plaintiff have testified that the lines of the plaintiff's building are true, and the walls all on her land, and do not encroach upon any part of the sidewalk or street. The variance in the surveys of the defendant's surveyors shows that surveyors are liable to err, and the witnesses frankly admitted that surveys are not always strictly reliable,—that they are apt to be influenced by weather and other causes. The alleged encroachment here is so slight that, it is, under the circumstances, as reasonable to believe the testimony of the plaintiff's witnesses as those of the defendant. While useful as a guide, such evidence is not infallible. All the surveyors evidently intended to be accurate, but could not have been, in view of the discrepancies which appear by their surveys. The court therefore finds that the plaintiff's witnesses have testified truthfully, and that there was, in fact, no encroachment whatever, and, consequently, no valid reason for not consummating the exchange according to the terms of the contract. The plaintiff's building having been erected under the direction of the building department, it is safe to assume that its inspectors would not knowingly permit a permanent encroachment to be placed upon the sidewalk,—a circumstance which favors the plaintiff's contention, particularly in view of the fact that the alleged encroachment is one which no private individual can remove or abate. Griffith v. McCullum, 46 Barb. 561; Adler v. Railroad Co., 138 N. Y. 173, 33 N. E. 935. It is reasonably certain that the defendant will get all he contracted for, and run no possible risk in taking title.

It is in every sense marketable and free from doubt. See Hutton v. Weber, (Super. N. Y.) 17 N. Y. Supp. 463; affirmed 137 N. Y. 615, 33 N. E. 745. It follows that the plaintiff is entitled to a decree, the terms of which will be settled on notice.