(9 Misc. Rep. 134.)

## STEARN v. HESDORFER.

(Common Pleas of New York City and County, General Term.   June 4, 1894.)

1. COVENANT OF SEISIN—BURDEN OF PROVING BREACH.
   The burden of proof in an action for breach of covenant of seisin is on plaintiff.

2. SAME—WHAT CONSTITUTES BREACH—ENCROACHMENT OF BUILDINGS.
   In a conveyance of premises by metes and bounds, "with the build'ngs and improvements thereon erected," a covenant of seisin is not broken by the fact that the buildings encroach on the adjoining premises.

8. SAME—INCUMBRANCES.
   A purchaser cannot recover more than nominal damages against his vendor on a covenant against incumbrances merely on proof that the buildings on the premises conveyed encroach on the adjoining premises,. without showing that he has paid off or discharged any incumbrance.

4. SAME—EVIDENCE.
   In an action for breach of covenant of seisin by virtue of an alleged encroachment of the buildings on the adjoining premises, evidence that plaintiff had made a contract to sell the premises, and that the purchaser refused to accept on account of such encroachment, is not admissible, as plaintiff's damages, if anything, are the difference in value between the building with and without the encroachment.

Action by Bertha Stearn against Louisa Hesdorfer. The complaint was dismissed, and plaintiff's exceptions were ordered to be heard in the first instance at general term.   Overruled.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

Hayman & Rosenthal, for plaintiff.
M. A. Kursheedt and Joseph Fettretch, for defendant.

BOOKSTAVER, J.   This action was brought to recover $20,000 damages for the alleged breach of the covenant of seisin in a deed made by the defendant and one Joseph Hesdorfer of certain premises therein described by metes and bounds, "with the buildings and improvements thereon erected."   The complaint alleges that the defendant was not seised of the premises conveyed, and did not have good right or power to convey the same, by reason of the fact that the northerly wall encroached upon the street, and the easterly wall encroached upon the land of the adjoining owner; and that the alleged encroachments were a breach of the covenant in the deed against incumbrances, and a breach of the covenant of warranty contained in the deed.   The answer of the defendant, after admitting the conveyance, and the covenants therein contained, was in effect a general denial.   Upon the trial, the plaintiff reduced the amount of her claim to $5,000.   The evidence tended to show that the easterly wall of the house in question encroached on the land of the adjoining owner from one and one-half inches in front to two inches in the rear, and that the front wall of the house encroached upon the street line of the premises in front, from one-half an inch on one side to three-quarters of an inch on the other.   After the evidence on the part of the plaintiff was all in, the defendant moved to dismiss the complaint, which, after argument, was granted, and the exceptions were ordered to be heard in the first instance at the general term.

The burden of proving the breach of the covenant of seisin and of the other covenants alleged in the complaint to have been broken was upon the plaintiff. Woolley v. Newcombe, 87 N. Y. 605, 612 (which overrules Potter v. Kitchen, 5 Bosw. 566; Abbott v. Allen, 14 Johns. 248; and the earlier cases). In the case first cited, Judge Rapallo, delivering the opinion of the court, shows that the reason for the old rule, which casts the burden on the defendant in actions of this kind, no longer exists, the recording act having done away with the reason for it. There is no evidence in the case, nor, as far as we can see, was it contended on the trial, that the defendant at the time of the conveyance to the plaintiff was not in fact seised of all the lands described in the deed to her, by metes and bounds, and the covenant of seisin is not in our opinion broken, although the front wall encroached over the line of the street to the extent claimed, or the sidewall encroached on the land of the adjoining owner to the extent testified to by Mr. Ford, the surveyor. Sasserath v. Metzgar (Super. N. Y.) 27 N. Y. Supp. 959; Burke v. Nichols, 1 Abb. Dec. 260. Plaintiff's counsel contends that the case of Burke v. Nichols, supra, is not in point, as it did not contain the words "together with the buildings thereon erected." But the absence or presence of these words neither enlarges nor diminishes the plaintiff's right, or, in our judgment, affects the force of that decision. Griffiths v. Morrison, 106 N. Y. 169, 12 N. E. 580. Plaintiff also contends that the words "together with the buildings and improvements thereon erected" mean in this instance, and were intended to mean, the five-story, double house, the walls of which encroach upon the adjacent property, as we have before stated. But we think that there is nothing in this case which takes this expression out of its ordinary significance, as generally employed in conveyances, which is "anything which is built upon the land." In the Burke v. Nichols case, supra, the opinion was concurred in by all the judges, and is as follows:

"It is a familiar rule that a grant of land eo nomine conveys, not only the ground or soil, but every corporate thing which is attached to the earth by the course of nature, as trees, herbage, and water, or by the hand of man, as houses and other structures. Co. Litt. 4a; 3 Kent, Comm. 486. The defendant is therefore correct in claiming that, under his deed from the plaintiff, his rights in respect to the dwelling house and fence, and the lot thereby conveyed, are the same as if such structures had been specifically mentioned in the grant. If the grantor had title to them, it passed by the deed; if he had not title to such structures, or any part of them, his covenant of seisin was broken to that extent, and the defendant has a remedy for the breach. But the rights of the defendant thus acquired do not extend to such parts of the house and fence as are attached to and rest upon the soil of the adjoining lot. Those structures, by the operation of the very principle upon which the defendant relies, are a part of the land on wh ch they stand; and it is an acknowledged rule that land does not pass as an appurtenance to land."

No cause of action can be founded upon any allegation of the complaint for the breach of the covenant against incumbrances—First, because no proof was offered on the trial of any incumbrance which was paid off or discharged by the plaintiff; and, second, because, without such proof, no cause of action would lie for more than nominal damages in any event. Hall v. Dean, 13 Johns. 105. Not

only was there no evidence upon the part of the plaintiff of any eviction or disturbance to the possession or title of the property conveyed to her by the defendant and her husband, but, on the other hand, it appears that from the moment of the delivery of the deed to the plaintiff up to the time of the trial, she was in the actual, undisturbed, physical possession of the entire house, and land on which it stood. This being the case, no action for the breach of the covenant of warranty will lie. Kent v. Welch, 7 Johns. 258. Upon the whole case, we think the plaintiff failed to show any failure of the title of the defendant to the lands comprised within the metes and bounds described in the deed to her. She also failed to show any disturbance of her possession of the building or land, or any part of either. And she did not show the payment of any money to discharge or extinguish any incumbrance; nor did she show any actual or constructive eviction from any part of the property, or any disturbance of the title or possession.

Nor do we think there was any error on the part of the learned judge who tried this case in the admission or exclusion of evidence. Most of these rulings grew out of, and are connected with, the contention of the defendant that no cause of action was either alleged or proved, or could be under the allegations of the complaint, and, if we are right in the conclusion to which we have arrived as to the cause of action itself, the exceptions fall with it. It may be proper, however, to notice a few which do not rest upon this contention. Plaintiff on the trial attempted to show that she had made a contract for a sale of the property, and that the purchaser had refused to accept, on the ground of the encroachments before mentioned, and also the commissions she had to pay the broker for effecting the sale, and the loss of profits she would have realized had the sale been carried out; to all of which testimony the defendant objected, and the same was excluded by the court. Clearly this evidence was inadmissible, for, if the defendant was liable at all in this action for the breach of the covenant of seisin, the measure of damage was not what profit or loss plaintiff had sustained on any attempted sale of the property, or the amount of any brokerage or other expenses she had paid in that matter, but was either the difference in value between the house contained within the metes and bounds and its value as it stood, or the proportion which the alleged encroachment would bear to the whole piece, or, perhaps, the cost of removing the alleged encroaching walls within the metes and bounds of the land described in the deed.

Plaintiff also endeavored to show what was said between the plaintiff and Mr. Hesdorfer, at the time the purchase was made by her, in regard to the subsequent sale of the property, which was objected to by the defendant, and excluded. This, we think, was inadmissible, upon the ground that all the conversations and negotiations between the parties were merged in the conveyance, and their rights as between each other fixed by that instrument; and, also, on the ground that anything Mr. Hesdorfer might have said in no way bound the defendant in this action without proof or the offer to prove that the defendant had authorized him to bind her in any such matter.

Certain real-estate dealers were called by the plaintiff, and they were asked by the defendant, on cross-examination, what would be the difference in value between a lot 25 feet wide and a lot 25 feet 1¾ inches wide, to which the plaintiff objected, and the objection was overruled, and the evidence admitted. We think it was pertinent for the purpose of arriving at what, if any, difference there would be in the value of a lot of land of the size described in the deed, and of that covered by the house itself, according to the plaintiff's surveyor's testimony, and was one of the elements of ascertaining whether or not there was any damage, the other element being the difference in value between houses of different sizes. We therefore think that the exceptions were not well taken, and should be overruled, and the decision of the trial justice affirmed, and judgment directed in favor of the defendant, and against the plaintiff, dismissing the complaint upon the merits with costs. All concur.