(13 Misc. Rep. 317.)

### HOLM v. PARMELE–ECCLESTON CO.

#### (City Court of New York, General Term. June 25, 1895.)

ATTORNEY AND CLIENT—COMPENSATION OF ATTORNEY—EVIDENCE OF VALUE.

In an action for legal services, plaintiff testified as to the services rendered by him, and that they were reasonably worth a certain sum. His managing clerk testified that such sum was a reasonable compensation for said services. There was no other evidence as to value. Held, that a verdict for plaintiff for part only of such sum was not against the evidence, as the jury might have found that plaintiff did not render all the services testified to by him.

Appeal from trial term.

Action by Charles F. Holm against Parmele-Eccleston Company to recover for professional services rendered to defendant. From a judgment entered on a verdict for $25 in favor of plaintiff, plaintiff appeals. Affirmed.

Argued before VAN WYCK and CONLAN, JJ.

Terry Smith, for appellant.
W. Harris Roome, for respondent.

VAN WYCK, J.  The lawyer plaintiff testified in detail as to the numerous professional services which he had rendered for defendant, and then that he rendered a bill for $150 for the same, and that "I consider that sum as a reasonable sum for the services I rendered in this matter"; and Mr. Smith, his managing clerk and his attorney of record herein, testified, "I consider $150 for these services a reasonable compensation."  This was the only evidence as to the value of the numerous services which plaintiff testified he had performed for defendant, and hence appellant's contention that the verdict of $25 was insufficient and against this evidence as to value.  But the jury may have found, as they had the right, from the proof, to find, that he had not rendered all of the services which he testified he had, and that $25 was a reasonable compensation for the services which he had actually performed.  Where the value of professional services is to be passed upon, it is the duty of the jury to consider the expert testimony, and judge of its weight and force, and, from the evidence in the case as to the nature of the services, the time occupied in them, and the benefit derived from them, determine what, in their judgment, is their reasonable value.  Reves v. Hyde, 14 Daly, 431.  In that case plaintiff's lawyer witnesses testified that the professional services were reasonably worth from $150 to $250.  This was not contradicted, and the judge charged the jury:  "You will determine from the evidence presented to you from the witness stand what compensation between $150, as fixed by some of the witnesses, and $250, by the lawyer himself, he would be entitled to;" and it was

held that the court erred in this instruction, and therefore that judgment for plaintiff must be reversed.   Judgment and order affirmed, with costs.