LEOPOLD ADLER, Respondent, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY et al., Appellants.

A trial court or referee is not bound to find evidentiary facts leading to or bearing upon the ultimate fact.

In an action to restrain certain elevated railroad companies from operating their road in a city street in front of plaintiff's lot, it appeared that said lot was a corner lot ; the lower story of the building thereon was rented as a grocery and liquor store, and the upper stories for flats. There was a station on defendants' road at the corner. Defendants asked the court to find, that the proximity of the station to plaintiff's premises was a convenience to tenants occupying the flats, and tended to render them more desirable ; that the station was used by thousands of passengers daily; and that many persons were caused thereby to pass near to and in front of plaintiff's store, whereby the business was benefited, and the rental value increased. The court refused so to find, on the ground that the requests related to matters of evidence. It did not appear but that the court in awarding damages took into consideration both the advantages and disadvantages to plaintiff's property because of the road. *Held,* that the ruling was proper.

*Bohm* v. *M. E. R. Co.* (129 N. Y. 576), distinguished.

It appeared that defendants had placed an iron pillar on the cross street, and that a portion of their station encroached thereon about two feet, and extended within about two feet ten inches of plaintiff's building. The judgment awarded fee damages, and by a separate provision enjoined defendants from the occupation of that portion of the cross street encroached upon by the station, and directed them to remove so much thereof as was within the limits of said street. *Held,* that said provision was error ; that, assuming the location in said street was without authority, and an infringement upon the public right in the street, plaintiff was not the representative of that right, and could not, in his capacity

as a citizen merely, maintain the injunction; and that he could not maintain it as an owner of adjacent property, as it appeared he had no interest in the soil occupied by the station, and it was not shown that he had sustained any distinct, separate or additional injury, or any substantial injury to any right appurtenant to his property, by reason of the encroachment.

A private individual cannot maintain an action to abate a public nuisance, unless he is specially injured thereby; nor will the court grant an injunction in a case of a mere violation of an abstract right, unaccompanied by any substantial injury, present or apprehended.

The erection of a pillar or other structure in a city street, the fee of which is in the city, in front of premises abutting on the street, which does not substantially and appreciably interfere with the owner's right to light, air and access to his premises, furnishes to him no ground for invoking the equity powers of the court.

(Argued April 17, 1893; decided April 25, 1893.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 3, 1892, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

The nature of the action, and the material facts, are stated in the opinion.

*Brainard Tolles* for appellant. The plaintiff totally failed to produce any evidence tending to show that the railroad damaged his property. (*Doyle* v. *M. E. R. Co.*, 49 N. Y. S. R. 746; *Roberts* v. *N. Y. E. R. Co.*, 138 N. Y. 455; *Sutro* v. *M. E. R. Co.*, 50 N. Y. S. R. 701; *Bohm* v. *M. E. R. Co.*, 129 N. Y. 576; *Becker* v. *M. E. R. Co.*, 131 id. 509; *Cohn* v. *M. E. R. Co.*, 48 N. Y. S. R. 930; *Bookman* v. *N. Y. E. R. Co.*, 50 id. 703; *Storck* v. *M. E. R. Co.*, 131 N. Y. 514; *Sperb* v. *M. E. R. Co.*, 50 N. Y. S. R. 664.) The learned trial judge erred in refusing to pass on the question of the existence of benefits. (*Bohm* v. *M. E. R. Co.*, 129 N. Y. 576; *Odell* v. *N. Y. E. R. Co.*, 130 id. 690; *Cohn* v. *M. E. R. Co.*, 48 N. Y. S. R. 930; *Bookman* v. *N. Y. E. R. Co.*, 50 id. 703; *Sutro* v. *M. E. R. Co.*, Id. 701; *Sloane* v. *N. Y. E. R. Co.*, Id. 705; *Sperb* v. *M. E. R. Co.*, Id. 664; *Livingston* v. *M. E. R. Co.*, 138 N. Y. 76.) The trial judge

erred in requiring defendants to shave off the easterly wall of their Eighth street station so as to bring it within the lines of First avenue. (*Ryan* v. *M. R. Co.*, 121 N. Y. 126; *N. Y. C. & H. R. R. R. Co.* v. *Kip*, 46 id. 546; *Power* v. *Village of Athens*, 99 id. 592; *People* v. *Lacombe*, Id. 43; *People* v. *Dayton*, 55 id. 367; *Easton* v. *Pickersgill*, Id. 310; *Smith* v. *People*, 47 id. 330; *People* v. *Comrs.*, etc., 6 Hun, 109; *Fort* v. *Burch*, 6 Barb. 73; *DuBois* v. *Brown*, 1 Dem. 317; *Hall* v. *Supervisors*, 66 How. Pr. 330; *Van Loon* v. *Lyon*, 4 Daly, 149; *Brown* v. *U. S.*, 113 U. S. 568; *In re Warfield*, 22 Cal. 51; *Morgan* v. *Crawshay*, L. R. [5 H. L.] 320; *McLaury* v. *Hart*, 121 N. Y. 636; *Jerome* v. *Ross*, 7 Johns. Ch. 315; *Drake* v. *H. R. R. R. Co.*, 7 Barb. 508; *People* v. *M. T. Co.*, 31 Hun, 596; *F. P. B. Co.* v. *Smith*, 30 N. Y. 44; *Doolittle* v. *Suprs.*, 18 id. 153; *Lansing* v. *Smith*, 8 Cow. 146; *Southwick* v. *F. N. Bank*, 84 N. Y. 420; Code Civ. Pro. § 993; *James* v. *Cowing*, 82 N. Y. 449; *Lawrence* v. *M. E. R. Co.*, 126 id. 483; *Odell* v. *N. Y. E. R. Co.*, 130 id. 690; *Galway* v. *M. E. R. Co.*, 128 id. 132; *N. A. R. Co.* v. *N. Y. E. R. Co.*, 3 Abb. [N. C.] 358; *Atty.-Gen.* v. *N. Y. & L. B. R. R. Co.*, 24 N. J. Eq. 49; *Atty.-Gen.* v. *D.*, etc., *R. Co.*, 27 id. 1.) The judgment should be reversed on account of errors in the admission and exclusion of evidence. (*Moore* v. *N. Y. E. R. Co.*, 15 Daly, 510; *Roberts* v. *N. Y. E. R. Co.*, 128 N. Y. 455; *Marston* v. *Gould*, 69 id. 220.)

*Charles P. Cowles* for respondent. The right to abate a nuisance or to restrain its maintenance, is not lost by reason of the purchase of the property injuriously affected subsequent to the creation of the thing which constitutes the nuisance. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Tallman* v. *M. E. R. Co.*, 121 id. 119, 124; *Pappenheim* v. *M. E. R. Co.*, 128 id. 436, 452; *Sterry* v. *N. Y. E. R. Co.*, 129 id. 619; *Tipping* v. *S. H. S. Co.*, L. R. [1 Ch. App.] 661; *Campbell* v. *Seaman*, 63 N. Y. 568; *Kernochan* v. *N. Y. E. R. Co.*, 128 id. 559.) The acts

under which the Metropolitan Elevated Railway Company
was incorporated and the proceedings had thereunder, do not
empower that company to occupy any portion of Eighth
street with its railway station or depot structure. (*Mattlage*
v. *N. Y. R. R. Co.*, 67 How. Pr. 532; Laws of 1872, chap.
885; *Langdon* v. *Mayor, etc.*, 93 N. Y. 129; *S. W. Co.* v.
*City of Syracuse*, 116 id. 167; *Adler* v. *M. E. R. Co.*, 46
N. Y. S. R. 253.) There is evidence in the case which sup-
ports the findings of the court as to the fee and rental dam-
ages. Under these circumstances the Court of Appeals will
not review the facts.ᵃ (*Henderson* v. *N. Y. C. & H. R. R.
R. Co.*, 78 N. Y. 423; *Healy* v. *Clark*, 120 id. 642.)

A'ndrews, Ch. J.. This appeal is taken by the defendants
from the affirmance by the General Term of the Superior
Court of the city of New York, of the judgment of the trial
court in an equitable action brought by the plaintiff, the
owner of premises on the corner of First avenue and Eighth
street in the city of New York, to restrain the defendants from
operating their road in front thereof on First avenue, and to
recover past damages. The complaint also alleges that the
station of the defendants' road at that point encroaches upon
Eighth street adjoining the plaintiff's lot. The judgment
awards the plaintiff $1,250 for past damages, and condition-
ally the sum of $5,000 for the permanent depreciation of the
fee value of his property. The judgment by a separate and
independent provision enjoins the defendants from the occu-
pation of the part of Eighth street encroached upon by the
station and structure of the defendants, and directs them to
remove therefrom the part of the same within the limits of
that street.

The plaintiff purchased the premises in 1887, and changed
and reconstructed the building which had theretofore existed
thereon, and finished the upper stories for flats and the first
story for a store, with a basement which was rented as a
grocery and liquor store. In order to establish a claim for
past damages the plaintiff gave evidence tending to show that

the tenants were annoyed by the dust, smoke and noise from the operation of the railway and that he was unable for that reason to keep tenants in the flats, and lost thereby rents which otherwise he would have received. He relied for proof of the permanent damages to the property upon evidence such as is usually given in these cases. In addition to the proof of the physical disturbances caused by the operation of the road, witnesses were called to prove the relation of the rents obtained to the fee value of the property; the course of values on First avenue and the side streets in the vicinity of the plaintiff's property, and each party produced experts who gave testimony bearing upon the question of damages. It is claimed in behalf of the defendants that there was no sufficient evidence to sustain the award of damages made by the trial court. It must be admitted that the proof as to the existence or quantum of damages is not of that certain character upon which the mind can rest with entire confidence. This seems to be a condition inseparable from the inquiry in these cases. The facts upon which the inference of damage or benefit by reason of the existence and operation of the elevated railway is to be drawn, are so varied, and the true bearing of the facts proved upon the ultimate question to be determined, is so difficult many times to perceive, that the court may well distrust the exact justice of the conclusion reached. But these difficulties are inherent in the nature of the inquiry. This court is to a great extent relieved from the perplexities which attend the original inquiry. The cases against the elevated railways are subject to the general rule which limits the jurisdiction of this court to the review and determination of questions of law, and if there is evidence in the record tending to sustain the finding of damages, and no rule of law has been violated, the award must be sustained. We are of opinion that there is evidence in the record before us which authorized the findings of the court below on the question of damages, and it would serve no useful purpose to recapitulate it.

The counsel for the defendants urges that there was legal

error in the refusal of the trial court to find certain requests presented on their behalf, viz. : (1) that the proximity of the station to the plaintiff's premises was a convenience to tenants occupying the flats and tended to render them more desirable as places of residence ; (2) that the station was used by thousands of passengers daily, and (3) that many persons are caused thereby to pass near to or in front of the plaintiff's store, and that the business was thereby benefited and the rental value of the store increased. The trial judge refused to find these requests on the ground that they related to matters of evidence.

We think these rulings present no error of law. The first two requests relate exclusively to evidence bearing upon the ultimate fact whether the plaintiff's property was benefited by the railway, and the proposed finding in the last clause of the third request is not supported by uncontradicted evidence. The rule that a court or referee is not bound to find evidentiary facts leading to or bearing upon the ultimate fact, is well settled. The case of *Bohm* (129 N. Y. 576), which related to premises on Second avenue, does not and was not intended to disturb this rule. The question in that case was whether the trial judge had erred in the rule of damages and had excluded in ascertaining the damages the consideration of benefit. In that case findings were proposed in behalf of the defendants which were supported by uncontradicted evidence that the effect of the railway had been to greatly increase the population and thereby incidentally benefit the property there in question, and also that it had largely increased the value of real estate on Second avenue. The trial judge refused to find these requests, on the ground, as the court inferred from the record, that the facts requested to be found were immaterial, which was plainly erroneous, and these refusals and other facts, indicated that a wrong rule of damages had been applied.

In the present case the court refused the findings proposed because they related to matters of evidence, and not because the facts embodied in the requests were not material to the

inquiry.  There is nothing in the record which tends to show that the trial judge in awarding damages did not take into consideration both the advantages and disadvantages to the property from the existence of the road.  There are some exceptions to evidence taken on the trial by the defendants, but they present no material error.

We are of opinion, however, that that part of the judgment, which enjoins the defendants from maintaining the part of the station structure located in Eighth street and directing its removal so far as it encroaches on that street, should be reversed.  It appears that in Eighth street the defendants have placed an iron pillar and that a portion of its station encroaches on Eighth street about two feet and extends within about two feet ten inches of plaintiff's house.  It is claimed in behalf of the plaintiff that the authority vested in the defendants to construct stations, limits them to a location wholly within the lines of First avenue, and that any extension of any part of the structure into Eighth street was unlawful and without authority, and that, therefore, the judgment requiring the defendants to remove the part of the structure in that street was authorized.  It is claimed by the counsel for the defendants that there is no such narrow restriction of their authority in the location of their stations as is claimed by the plaintiff.

But without considering this contention we are of opinion that this part of the judgment should be reversed on the ground that the plaintiff is not the representative of the public right, and that assuming that the location in Eighth street was an infringement of the public right in the street, he cannot, in his capacity as a citizen merely, maintain an equitable action for an injunction for the removal of the obstruction, and that he cannot maintain it as the owner of adjacent property, for the reason that the case discloses that he has no interest in the soil occupied by the station, and that it is not shown by the evidence that he has sustained any substantial injury, by reason of the encroachment, to any right appurtenant to his premises.  The rule is elementary that a private

individual cannot maintain an action to abate a public nuisance unless he is specially injured, nor will the court exert its equitable power of injunction in a case of a violation of a mere abstract right, unaccompanied with any substantial injury, present or apprehended. The erection of a pillar or other structure in front of plaintiff's premises in the street, which does not substantially and appreciably interfere with the plaintiff's right to light, air and access to his premises, furnishes no ground for his invoking the equitable powers of the court. In the present case there is no evidence which would justify a finding that any distinct, separate or additional injury to the plaintiff's premises was inflicted by the encroachment in question. He was allowed damages for the permanent injury to his property from the existence of the railroad and station in First avenue, and the attempt to separate the damages caused by this encroachment of two feet from that caused by the rest of the station was impracticable. The plaintiff failed to show any special injury or any injury whatever from the part of the structure in Eighth street. There was no invasion of anything in the nature of a property right of the plaintiff by the erection, unless it perceptibly interfered with his easements of light, air and access to his premises, and this was not shown.

The authorities are numerous that special injury is an indispensable condition to the maintaining by a private person of an action to abate or restrain a public nuisance. (*Lansing* v. *Smith*, 8 Cow. 146; *Doolittle* v. *Supervisors*, 18 N. Y. 155; *Fort Plain Bridge Co.* v. *Smith*, 30 id. 44.)

The judgment should be modified by striking out that part of the judgment relating to the structure in Eighth street, and, as so modified, affirmed, without costs to either party in this court.

All concur.

Judgment accordingly.