tached; and in conservation of the rights of the taxpayers, and to insure plaintiff in his liens, if any surplus remained, it must carry out the agreement. This it did, and plaintiff's position is now proven to be untenable. If plaintiff had been paid it would, in effect, have been paying the contractors, whom the city did not owe.

The complaint will. be dismissed, with costs in favor of the city. Complaint dismissed, with costs.

(32 App. Div. 468.)

## BLACK v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. July 23, 1898.)

1. NUISANCE—INJUNCTION—SPECIAL DAMAGES.
    An owner of premises abutting upon a city street, and who has no interest in the street except an easement of passage, cannot, in the entire absence of proof of any special damage whatever, maintain an action to restrain a nuisance consisting in the unauthorized operation of surface cars through the street.

2. SAME—EVIDENCE.
    But proof of special damage, however slight, would in such a case suffice.

3. SAME.
    Even if special damage were shown, it would still be within the discretion of the court to allow a reasonable time to obtain the requisite consents.

4. COSTS—EXTRA ALLOWANCE.
    As a condition precedent to an extra allowance computed upon the value of the "subject-matter involved," under Code Civ. Proc. § 3253, subd. 2, proof must be given, or it must appear, what that value is.

Action by Louisa J. Black against the Brooklyn Heights Railroad Company. These are cross appeals from a judgment rendered at a special term held in and for the county of Kings, which adjudged that the defendant was unlawfully maintaining and operating a street surface railroad in Johnson street, in the city of Brooklyn. That part of the judgment from which the plaintiff appeals determined that the defendant is entitled to maintain its railroad track in said street, and to use the same in the usual and ordinary manner, until the hearing and determination of the application heretofore made by the Brooklyn City Railroad Company, such company being the lessor of the defendant, to the appellate division of the supreme court for the appointment of commissioners. The defendant appeals from so much of the judgment as provides that in case the appellate division refuses to appoint the commissioners applied for, or in case the commissioners so appointed shall finally determine against the necessity for the construction and operation of such road in said street, then the plaintiff shall become entitled to an injunction restraining the defendant from operating any cars upon said street between Fulton and Washington streets. The defendant also appeals from that part of the judgment which awarded an extra allowance of $500. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Stephen M. Hoye (James A. Sheehan, on the brief), for appellant. Charles A. Collin, for respondent.

HATCH, J.   The parties have seen fit to make up separate records for the presentation of their appeals, and, in consequence, each must stand upon the particular record for the assertion of such legal rights as to which he claims himself entitled.   Considering, first, the plaintiff's appeal, and waiving the question of practice raised in respect thereto by the defendant, the record presents but a single question.   The case contains simply the judgment roll, which embraces the pleadings, the findings of the court, and the judgment, and such other papers as were requisite to properly certify the record and bring the matter before this court.   It is evident upon this record that this court can only examine to see if the findings of the court sustain the judgment, as we must assume that the evidence warranted such findings.   It is quite doubtful if the exception filed to the decision and also set out in the record raises any question.   But assuming that it does, and that the point argued is the one counsel has raised, we think we must return a negative answer to the question.   The action was brought to obtain an injunction restraining the defendant from operating its cars upon Johnson street, in the borough of Brooklyn, or to allow them to stand upon such street.   The court found that the plaintiff was the owner of the premises abutting upon Johnson street, and bounded by the exterior line of such street.   She therefore was not the owner of the fee of the street, and had no interest therein except an easement of passage.   Bank v. Nichols, 64 N. Y. 65; English v. Brennan, 60 N. Y. 609.   The court further found that the Brooklyn City Railroad Company, about the year 1885, constructed a single-track road through said street in front of plaintiff's premises, under a consent granted to it by the common council of the city of Brooklyn, and thereafter operated the same until about June 6, 1893, when said railroad company leased the track to the defendant, which has since operated the same. The court further found that neither railroad company ever obtained consents in writing from the property owners upon said street between Fulton and Washington streets.   The court further found that the defendant had made an improper use of said railroad, in permitting mail cars to stand upon said street, and be loaded and unloaded thereon, and that such act deprived the plaintiff of the use of such street during such times.   The court further found that the Brooklyn City Railroad Company had made application to the appellate division of the supreme court of the Second department for the appointment of three commissioners to determine if a necessity existed for the construction and operation of said railroad through said street opposite the plaintiff's premises, and that such application was made before the final conclusion of the trial, and was returnable on the 21st day of March, 1898. ` Upon these facts, the court ordered judgment restraining the defendant from standing its mail cars upon said street for the purpose of transferring mail from such cars to the vehicles connected therewith.   The judgment further provided that defendant was entitled to maintain its single-track railroad in said street, and to use the same in the usual and ordinary manner, subject, however, to the result of the application to the appellate division for the appointment of commissioners, which, if refused, or if the commissioners were appointed and de-

termined against the necessity for the construction and operation of
such railroad, then that plaintiff was entitled to an injunction against
the defendant, restraining it from operating its cars upon said street,
between Fulton and Washington streets; and either party was given
leave at the foot of the judgment to move for further direction as to
enforcement of the same.

The plaintiff's point is that, the court having found that the consent
of the common council was obtained in 1885, and that no consents of
the abutting property owners had ever been obtained, it necessarily
followed as a conclusion of law that the defendant did not possess
the consent of the common council to the operation of the railroad
on Johnson street at the date of the trial, and therefore had no right
to operate the same. The basis of this contention is found in Laws
1884, c. 252, § 4; and the language relied upon is in these words:

"Any consent so given by said local authorities shall cease and determine
at the expiration of one year thereafter, unless prior to the expiration of
such period the company obtaining such consent shall have filed the consent
of the requisite amount in value of property owners or the determination of
commissioners confirmed by the court, as herein provided."

Assuming that the consent of the common council had ceased to be
operative, and the maintenance and operation of the railroad in said
street constituted it a public nuisance, yet the plaintiff is in no posi-
tion to take advantage thereof. It does not appear in the record, nor
is there a finding of the court, that she has suffered any special dam-
age on account of the maintenance and operation of this railroad, ex-
cept in respect of the standing of mail cars and loading and unloading
therefrom; but, as to the last item of damage, she has obtained all
the relief for which she asked, and does not appeal from that part
of the judgment. Consequently, she stands before this court seeking
to restrain a public nuisance from which she suffers no special dam-
age.

This contention may be answered in the language of Andrews, C. J.
(Adler v. Railroad Co., 138 N. Y. 173, 33 N. E. 935):

"That the plaintiff is not the representative of the public right, and that, as-
suming that the location in Eighth street was an infringement of the public
right in the street, he cannot, in his capacity as a citizen merely, maintain
an equitable action for an injunction for the removal of the obstruction, and
that he cannot maintain it as the owner of adjacent property, for the reason
that the case discloses that he has no interest in the soil occupied by the sta-
tion, and that it is not shown by the evidence that he has sustained any
substantial injury, by reason of the encroachment, to any right appurtenant
to his premises. The rule is elementary that a private individual cannot
maintain an action to abate a public nuisance unless he is specially injured;
nor will the court exert its equitable power of injunction in a case of a vio-
lation of a mere abstract right, unaccompanied with any substantial injury,
present or apprehended."

We are not now prepared to say that the language of this case
should be applied in all cases in its full scope and breadth. In the
case to which it was applied, the plaintiff had already recovered dam-
ages for the permanent injury to his property by reason of the ex-
istence of the railroad and station in First avenue, upon the corner
of which avenue his property was situate. The court held that it
was impracticable to separate his damage occasioned by the station

from that occasioned by the slight encroachment upon the street, and, consequently, he failed in showing any injury for which he had not been compensated.    Where the encroachment is upon an existing right, slight proof of special damage would suffice to sustain an action; and, as consent of the abutting owners upon the street is required before the tracks can be lawfully laid in the street, it comes dangerously near to raising a presumption of damage sustained by the owner where there is entire failure to comply with the law in this respect.    When such condition stands alone, unaffected by anything else, we think the court justified in upholding right in such owner to have the unlawful operation cease upon proof of special damage, however slight.    But, as already observed, there is not the slightest proof in the record presented by the plaintiff showing such damage, and no evidence is set forth therein.    This road has been in operation in this street for upward of 13 years, and, in theory, at least, is being operated for the public benefit.    Such is its legal status.    Under such circumstances it was said in Pappenheim v. Railway Co., 128 N. Y. 436, 28 N. E. 518:

"It may be that, in the case of a railroad actually running its cars upon or through property of another, it would not be justified in refusing to pay upon the delivery of the conveyance, and, instead thereof, submitting to an injunction.    Public interests might have a right to be heard in that respect."    Empire City Subway Co. v. Broadway & S. A. R. Co., 87 Hun, 279, 33 N. Y. Supp. 1055.

Nothing in Irvine v. Railroad Co., 10 App. Div. 560, 42 N. Y. Supp. 1103, conflicts with this view.    In that case, as is disclosed by the record, the plaintiff clearly established elements of special damage. The case plainly recognizes that if, subsequently, authority was obtained for the maintenance of the siding  there made the subject of complaint, it would be proper to apply to open the judgment.    The judgment in that case was absolute; and the court did not feel called upon, on the record, to modify the judgment limiting the injunction until authority could be obtained.    But, if we were to consider both records in passing on the plaintiff's appeal, still we are of opinion that the court did not err.    It was discretionary with the court whether it would grant an immediate injunction, or give a reasonable time to the defendant to obtain the consents requisite to authorize the construction and operation of the road.    In the interests of public convenience, this discretion of the court was properly exercised.    This must dispose of the plaintiff's appeal.

So far as the defendant's appeal is concerned, the record sets out the facts, and consequently calls for their examination.    It is not necessary that we should refer to them in detail.    It is evident, as claimed, that the main source of injury sustained was founded upon the use made of the mail cars which delivered to and received from vehicles carrying the mail between the post office and this place. But, while this is true, it does appear that the street is so narrow that the operation of any cars upon it constitutes an obstruction to the passage of some vehicles; and, in consequence of this fact, the court was authorized to conclude that the plaintiff may have suffered some special damage.    In addition to this, the plaintiff proved

loss of rentals which the court was authorized to find arose from the operation of the road in the street; and we do not think that such damage can be said to have arisen exclusively from the standing of the cars, and the reception and delivery of mail matter therein.    On the contrary, we think it a fair inference to say that it arose from the ordinary operation of cars, as well as the particular things which were done, and which the judgment restrains.    This furnishes a sufficient basis for the support of the judgment.

So far as the appeal from the extra allowance of $500 is concerned, we think it must be sustained, as there is not in the evidence any basis upon which it can be allowed.    The Code of Civil Procedure (section 3253) provides for additional allowances to either party in difficult cases.    Subdivision 2 is as follows:

"In any action or special proceeding specified in this section, where a defense has been interposed, a sum not exceeding five per centum upon the sum recovered or claimed, or the value of the subject-matter involved."

Therefore, before there is any basis for such an allowance, proof must be given, or it must appear what the value of the subject-matter was.    As before observed, in this case there is no such proof.    Koehler v. Brady, 22 App. Div. 624, 47 N. Y. Supp. 984.    As the allowance formed a part of the judgment, and was entered therein, the point is available to the defendant upon this appeal.

It follows that the judgment should be modified by striking out the provision for the extra allowance, and, as modified, the judgment should be affirmed, without costs to either party.