DAVID N. CARVALHO, Appellant, *v.* THE BROOKLYN AND JAMAICA BAY TURNPIKE COMPANY, Respondent.

*Interference with public waters — when an abutting property owner may not enjoin it — Jamaica bay is not a "stream" — power of the State to authorize bridges to be built.*

An owner of property on Jamaica bay, located four miles distant from a turnpike road proposed to be constructed across the bay, cannot maintain an action to enjoin the construction of the turnpike road, on the ground that it will constitute an unlawful interference with public waters of the State and with the navigation of the bay, unless he shows special damages resulting to himself therefrom.

The mere fact that the tide will be retarded some fifteen minutes, and that there will be a corresponding detention of the tide, does not, of itself, establish the existence of special damages to the property owner from such construction.

Jamaica bay is not a "stream" within the meaning of chapter 566 of the Laws of 1890.

Subject to the power of Congress to regulate navigation, a State may authorize the building of bridges over navigable waters although some impediment to navigation may result therefrom.

APPEAL by the plaintiff, David N. Carvalho, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Queens on the 27th day of April, 1900, upon the decision of the court rendered after a trial at the Queens County Special Term dismissing the complaint.

*William J. Kelly,* for the appellant.

*James C. Church,* for the respondent.

GOODRICH, P. J.:

The plaintiff brought this action to enjoin the construction of a turnpike road which the defendant purposed to build across Jamaica bay, from the dividing line of Kings and Queens counties to Rockaway Beach. He is the owner of property situate on the shore of the bay and of adjacent land under water about four miles distant from the route of the turnpike. He contends that the turnpike would be an unlawful interference with public waters of the State and with the navigation of the bay, and would cause injury to his

property. The court dismissed the complaint, and the plaintiff appeals.

We are clearly of the opinion that the plaintiff has no standing to maintain an action of this character, for the reason stated in the opinion, hereto appended, of Mr. Justice JENKS, before whom the case was tried.

The judgment should be affirmed.

All concurred, except JENKS, J., not sitting.

Judgment affirmed, with costs.

The following is the opinion of Mr. Justice JENKS:

JENKS, J.:

The plaintiff's realty is situated three or four miles distant from the *locus in quo.* I am satisfied that the only effect of the structure upon the waters washing the plaintiff's property will be to retard the high tide therefrom some fifteen minutes with a relative detention. The plaintiff testifies that if the defendant company were to build drawbridges over the channels to correspond with those of the present trestle of the Long Island Railroad Company, there would be no impairment of the amount of water flowing. And such seems to be the plan of the defendant. If the fabric be unlawful, as plaintiff contends, then it is a public nuisance. (Wood Nuis. [2d ed.] 561, § 483.) And, if it unlawfully obstruct navigation, proceedings will lie on behalf of the People. (*Roe* v. *Strong,* 107 N. Y. 350, 360; *Knickerbocker Ice Co.* v. *Shultz,* 116 id. 382, 389; *People* v. *Vanderbilt,* 26 id. 293; *People ex rel. Howell* v. *Jessup,* 160 id. 249, 254.)

But the plaintiff has no standing unless he show special damage. (*Roe* v. *Strong, supra ; Fort Plain Bridge Co.* v. *Smith,* 30 N. Y. 44; *Adler* v. *Metropolitan Elevated R. Co.,* 138 id. 173, 180.)

While it may well be that an unreasonable detention of water by dam or pier would be an interference with the usufructory right of the plaintiff (Wood Nuis. [2d ed.] § 366 and following sections), it neither appears that a detention of fifteen minutes is unreasonable, nor is it pointed out how such a retard and corresponding stay of high tide can inflict any damage upon the property of the plaintiff. I am of opinion, then, that there is no element of special damage shown in

this case. (*Doolittle* v. *Supervisors*, 18 N. Y. 155, 161, citing authorities.; Wood Nuis. [2d ed.] § 840; *Lansing* v. *Smith*, 8 Cow. 156; cited, 138 N. Y. 180; 116 id. 389; 122 id. 14; 130 id. 625; *Bigelow* v. *Hartford Bridge Co.*, 14 Conn. 565; 1 Sedg. Dam. § 35, citing in note *Quincy Canal* v. *Newcomb*, 7 Metc. 276; *People ex rel. Howell* v. *Jessup, supra*.)

It appears that the structure is to be placed upon land held by the defendant by virtue of long leases from the towns.   While it is true that the Transportation Corporations Law (Laws of 1890, chap. 566, § 121) provides that no corporation shall bridge any stream in any manner that will prevent or endanger the passage of any raft of twenty-five feet in width, or where the same is navigable by vessels or steamboats, yet the statute as amended by chapter 722 of the Laws of 1895, and chapter 778 of the Laws of 1896, respectively, provides in section 128 that " Nothing in this act shall be construed to authorize the bridging of any river or water course where the tide ebbs and flows, or any waters over which the federal authorities have any control, unless the consent of such federal authorities be first obtained." There is a distinction manifest between *streams* and *Jamaica Bay*, where there is an undisputed tidal flow.   The defendant reads in evidence the consent of the Federal authorities.

Subject to the powers of Congress to regulate navigation, a State may authorize the building of bridges over navigable water, though there may result some impediment to navigation. (*People ex rel. Howell* v. *Jessup, supra; Gilman* v. *Philadelphia*, 3 Wall. 713, citing *Willson* v. *Blackbird Creek Marsh Co.*, 2 Pet. 250.)

And such power may be delegated to a corporation.   (*People* v. *Saratoga & Rensselaer R. R. Co.*, 15 Wend. 113.)

As to the towns, see *People ex rel. Howell* v. *Jessup* (*supra*).   So far as the period of construction is concerned, a mere temporary inconvenience affords no claim for damages. (*Hamilton* v. *Vicksburg, Shreveport & Pacific Railroad*, 119 U. S. 280, 285.)

Judgment dismissing the complaint, with costs.