## HENNING v. HUDSON VALLEY RY. CO.

(Supreme Court, Appellate Division, Third Department.  January 6, 1904.)

1. HIGHWAYS—UNAUTHORIZED CONSTRUCTION AND OPERATION OF STREET RAILWAY—PRIVATE NUISANCE.

The unauthorized operation of the cars of a street railway company within a few inches of a curb, so that vehicles halting in front of the adjacent premises must stand on the track, and be in constant danger from passing cars, and so that no hitching post or horse block can be maintained at that point, constitutes an actual and peculiar damage to the premises, warranting an injunction by the abutting owner, though the company, in occupying the street without authority, is also a trespasser maintaining a public nuisance.

Appeal from Special Term.

Action by John L. Henning, as trustee under the last will and testament of George W. Morton, deceased, against the Hudson Valley Railway Company, to enjoin the company from operating its road on certain parts of Lincoln avenue in the village and town of Saratoga Springs. From the judgment both parties appeal.  Modified.

Argued before PARKER, P. J., and SMITH, CHASE, and CHESTER, JJ.

Walter H. Cogan and John L. Henning, for plaintiff.
J. A. Kellogg, for defendant.

PARKER, P. J.  I concur with the conclusion of the trial judge concerning the rights of the plaintiff as to so much of the defendant's road as is within the village of Saratoga Springs. The plaintiff is entitled to no relief, so far as that part of the road is concerned.  I further concur in his conclusion that as to so much of the road as extends easterly beyond the village line into the town of Saratoga Springs it is an unlawful and unauthorized structure in the public street.  As to that portion of Lincoln avenue the plaintiff lacks both the consent of the public authority and of the abutting owners, and in the construction or maintenance of its road thereon it is a trespasser. I also agree that by the use of such portion of its road for storing cars thereon such an injury was sustained by the plaintiff as warrants a judgment in his favor restraining the defendant from so doing; but I am of the opinion that he should have gone farther, and also held that the plaintiff was entitled to an injunction restraining the defendant from running any cars over that portion of its road, or in any manner operating the same.  That portion of his finding, therefore, that determines that the plaintiff "is not entitled to a judgment restraining the defendant from using such extension for the passage of its cars over the same, because the same does not interfere with ingress and egress to plaintiff's premises, and he has suffered no damage therefrom," cannot be sustained.

It seems to me to be very well settled that when a railroad company is a mere trespasser in a public highway an abutting owner, although he has no title to any part of the street itself, has "a sufficient special interest to maintain on his own behalf an action for its abatement." Such was the rule expressly held in Irvine v. Atlantic Avenue R. R.

Co., 10 App. Div. 560, 42 N. Y. Supp. 1103. It is held upon the theory that such an obstruction in the road is a public nuisance, and' its mere existence there indicates an injury that is special and peculiar to the premises adjacent, as distinguished from the public at large. See, also, Merriman v. Utica Belt Line St. R. R. Co., 18 Misc. Rep. 269, 274, 275, 41 N. Y. Supp. 1049. But, if a more restricted view be taken, and we hold that some evidence of a special damage to the plaintiff must be given, I am of the opinion that it has been given in this case. It appears that the defendant's track is laid within three feet of the curb on the plaintiff's side of the street; that when a car is run over that track it extends over to within six or eight inches of such curb. From this it necessarily appears that whenever any one would drive up to the plaintiff's premises his horse and vehicle would stand on the track, and no car could pass without running over him. Thus one must be constantly on the lookout to protect himself from that danger. Under such a situation no hitching post or horse block could be maintained opposite the plaintiff's premises; no one could drive up to and stop before them with safety. Although I will concede that the mere existence of the tracks and ties located there would not be a serious inconvenience to the use of such premises, yet the passage of cars over them, as so located, would be not only a constant source of danger whenever it was necessary to cross into or out from such premises, but would be a substantial prohibition against driving up and remaining in front of them. It would deprive such premises from the benefit of a very necessary and usual use of the highway. That such an obstruction in the highway would depreciate the market value of the plaintiff's premises seems to me very clear. Such damage seems also to be peculiar to the premises in question, and therefore special to the plaintiff. It is clearly different from that which the traveling public sustains by reason of such obstruction, and, although being an unlawful obstruction in a public highway, it is a public nuisance; yet, being located as it is, and operating as it does to substantially prohibit access up to the plaintiff's premises in the manner above stated, it works as to him a special damage, which authorizes him to ask that the defendant be enjoined from continuing it.

In referring to the nature and extent of the injury which an abutting owner must sustain to maintain such an action, the court in Black v. Brooklyn Heights R. R. Co., 32 App. Div. 472, 53 N. Y. Supp. 315, said:

"Where the encroachment is upon an existing right, slight proof of special damage would suffice to sustain an action; and, as consent of the abutting owners upon the street is required before the tracks can be lawfully laid in the street, it comes dangerously near to raising a presumption of damage sustained by the owner where there is entire failure to comply with the law in this respect. When such condition stands alone, unaffected by anything else, we think the court justified in upholding the right in such an owner to have the unlawful operation cease upon proof of special damage, however slight."

So, in the same case, on page 473, 32 App. Div., page 315, 53 N. Y. Supp., it seems to be squarely held that the court may conclude that an abutting owner suffered some special damage from the mere passage of cars through a narrow street.

I conclude that the plaintiff was entitled to a judgment restraining the defendant from operating its road at all opposite his premises in Lincoln avenue east of the village line, and I would conclude that he was also entitled to a judgment requiring the defendant to remove its tracks entirely from opposite such premises, were it not that the trial court has found that the mere existence of the rails and ties placed therein are in no way injurious to the plaintiff. It may be that they are not, if cars are not run upon them, and for that reason I would modify the judgment only in the particular first above stated.

Judgment modified as above stated, and, as so modified, affirmed.

Judgment modified as per opinion, and as so modified affirmed, with costs to the appellant. All concur.