### TYNDALL et al. v. PINELAWN CEMETERY et al.

(Supreme Court, Special Term, New York County. February 14, 1913.)

1. TRIAL (§ 395*)—SPECIAL FINDINGS—ULTIMATE FACTS.

Special findings should be confined to the ultimate facts in issue, and should not include evidentiary facts.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 927-934, 939; Dec. Dig. § 395.*]

2. TRIAL (§ 388*)—SPECIAL FINDINGS—INTERLOCUTORY PROCEEDINGS.

Requests for special findings as to interlocutory proceedings in the same action are properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 908-911, 915; Dec. Dig. § 388.*]

Action by William D. Tyndall, in his own behalf and in behalf of all other certificate holders similarly situated, against the Pinelawn Cemetery, in which Clarence E. Muckler intervened as plaintiff, and James P. Haney and others intervened as defendants. Interlocutory judgment for plaintiff for an accounting directed.

See, also, 86 Misc. Rep. 535, 148 N. Y. Supp. 999.

Gardner, Tyndall, Barton & Deyo, of New York City, for plaintiff.
A. Delos Kneeland, of New York City, for Pinelawn Cemetery.
Thompson, Koss & Warren, of New York City, for defendants Haney and others.
Richmond J. Reese, of New York City, in pro. per.

GIEGERICH, J. I think the plaintiff is entitled to an accounting of the sales of land made by the cemetery company and of so much

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the proceeds of such sales as belonged to the land purchase fund. Marvin v. Brooks, 94 N. Y. 71; Tyndall v. Pinelawn Cemetery, 198 N. Y. 217, 91 N. E. 591. The objection raised by the answer of certain of the defendants, that all the certificate holders are necessary parties, is disposed of, so far as this court is concerned, by the suggestion of the Court of Appeals on the appeal from the earlier interlocutory judgment that a representative action would be the appropriate form of remedy.

[1, 2] The requests for findings of the respective parties have been passed upon, and many of them have been refused because they are either purely evidentiary in character or relate to matters which are properly to be inquired into upon the accounting. Other proposed findings relate to the various interlocutory proceedings in the action, all of which necessarily appear in the record, and which are not the proper subject of findings. Findings should be confined to ultimate facts in issue under the pleadings. Adler v. Met. Elev. Ry., 138 N. Y. 173, 178, 33 N. E. 935.

Let the decision in its direction for judgment provide for the reservation of all questions as to costs and allowances until the final judgment is presented for settlement. Submit decision and interlocutory judgment upon five days' notice of presentation.