HARRY GORDON, Plaintiff, *v.* HEBREW CONGREGATION SONS OF ISRAEL, OSSINING, NEW YORK, Defendant.

Supreme Court, Special Term, Westchester County, December 11, 1948.

*Nathan R. Shapiro* for plaintiff.

*Emanuel Lauterbach* for defendant.

SCHMIDT, J.   The plaintiff seeks by injunction to enforce the following agreement:

" HEBREW CONGREGATION SONS OF ISRAEL
OSSINING, N. Y.

Nov. 14th, 1926.
Ossining, N. Y.

Agreement between Sons of Israel of Ossining, N. Y. a chartered corporation party of first part Wallar Ave., Ossining, N. Y. and Harry Gordon party of second part of same place.

By a regular and special meeting duly passed and agreed upon to accept a donation from brother Harry Gordon a ' Minorch ' and all necessary equipments which shall be put in the right place. It is further agreed that this said ' Minorch ' should stay in the Temple as long as the Congregation ' Sons of Israel ' is in existence. It is further agreed that Harry Gordon has the privilege to engrave his and his wifes names on said ' Minorch ' in the places to suit himself, and it is further agreed that this ' Minorch ' shall not be exchanged or moved as long as the Temple exists on Wallar Avenue.

President    MORRIS FINKELSTEIN
Secretary    REV. S. LIFTMAN ''

Since the Menorah was installed in the synagogue it has occupied three different places either with the plaintiff's consent or without his objection. Due to a desire to make extensive alterations and redecoration of the walls and ceiling of synagogue the congregation decided that its altar and pulpit were outmoded and out of harmony with the new interior and moved the Menorah from the place where it then was to one not acceptable to the plaintiff

While the alterations were being considered by the congregation, it was unable to find its copy of the agreement and the plaintiff refused to disclose his until he instituted the present action. This court feels that such a dispute as this can be better settled by a panel of rabbis who are far better qualified than the court to determine '' the right place '' for an article used in a religious edifice. Despite the court's suggestion to this effect, the plaintiff refused this method of solution although the congregation consented thereto. The court must therefore give judgment in the matter.

On the trial of the action rabbis called as expert witnesses were not in agreement as to the '' right place '' for a Menorah.

The plaintiff however feels aggrieved because his gift is not in the place where he believes it should be. His feelings are hurt. However as the Court of Appeals held in *Adler* v. *Metropolitan Elevated Ry. Co.* (138 N. Y. 173, 180) '' nor will the court exert its equitable power of injunction in a case of a violation of a mere abstract right, unaccompanied with any substantial injury ''. Neither a careful reading of the agreement nor the testimony of the experts enables the court to determine the '' right place '' for a Menorah. The agreement is therefore too indefinite and uncertain to be enforced by injunction. *Varney* v. *Ditmars* (217 N. Y. 223, 228) held that no

recovery could be had for a "fair share of the * * * profits" since this was too indefinite and uncertain and this was an action at law where damages were demanded. Here an injunction is sought and the plaintiff has not sustained the burden of proof necessary to entitle him to injunctive relief. The agreement requires the congregation to keep the Menorah in the temple. This has been done and so there is no violation of this clear and definite provision of the agreement.

Judgment is, therefore, granted to the defendant.