Howard T. Hogan, J.
In this action the plaintiffs pray for a judgment directing the defendants to remove a fence which was allegedly erected in violation of a restrictive covenant.
The plaintiffs and the defendants own and reside upon adjoining parcels of property in Bethpage, Nassau County. The defendants ’ plot is on a corner. They acquired their parcels in 1955 from a partnership known as Stanford Terrace. Their deeds contained the following pertinent clauses:
“ Subject to covenants, restrictions and declarations of record, if any
“ The Party of the second part does hereby covenant and agree to and with the party of the first part, not to erect or cause to be erected any fence or hedge of any kind between the front set-back line of the building erected upon the above described premises and the sidewalk in front of said premises. This covenant shall be a real covenant running with the land and shall be binding upon the party of the second part, their heirs, distributees, successors and assigns.”
On or about November 18,1955 the defendants erected a four-foot chain link fence which extended from the setback lines of their building to the public sidewalk.
The proof shows that one Dominick Rapone was the owner of a tract of land of which the two parcels herein involved formed a part. On or about September 21, 1954 said Rapone filed a subdivision map and on December 18, 1954,a Declaration of Covenants and Restrictions. The declaration restrained the erection of fences on certain portions of the plots. But Rapone conveyed the entire tract to a single grantee, Stanford Terrace, who did not file a similar set of restrictions.
*118 The Rapone restrictions fell upon the conveyance to Stanford Terrace, and the fact that the deeds from Stanford Terrace to the parties herein contained the clause “ Subject to covenants, restrictions and declarations of record, if any ’ ’ did not necessarily constitute a reimposition of the restrictions (Korn v. Campbell, 119 App. Div. 401, affd. 192 N. Y. 490). The covenant in the deeds expressly referring to fences is not identical with the restriction contained in the declaration and the proof does not disclose that the remaining plots in the subdivision were conveyed with similar restrictions. Therefore, the proof is insufficient to establish a uniform plan or scheme for the development of the tract with the right in any grantee to enforce the covenants.
There are additional reasons for denying the injunctive relief sought. First, the plaintiffs were aware of the defendants’, intention to erect a fence, but registered no complaint until (1) the fence was erected at the cost of several hundred dollars to the defendants, and (2) the representative of the local civic association urged them to bring an action. Second, the plaintiffs have not been damaged. They allege in their complaint “ serious and irreparable injury and * * * irreparable damage ”, but have produced no proof to that effect.
It has been held that the court will not “ exert its equitable power of injunction in a case of a violation of a mere abstract right, unaccompanied with any substantial injury, present or apprehended ” (Adler v. Metropolitan El. Ry. Co., 138 N. Y. 173, 180). See, also, Solof v. Heitner (282 App. Div. 738), in which the denial of an injunction was sustained in an action based upon the violation of a restrictive covenant where the damages were too trivial for relief.
The defendants’ motion for judgment dismissing the complaint is granted, without costs.
Submit judgment on notice.